IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:98-cr-00037-BO-12

| | | |
|---|---|---|
| TIVARUS MONTIENTO MCRAE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This cause is before the court on petitioner's motion to correct a "sentencing error." See Mot. [D.E. 967]. For the reasons discussed below, the court will dismiss the motion without prejudice.

## BACKGROUND:

On October 8, 1998, after a jury trial in this court, petitioner was convicted of conspiracy to distribute and possess with intent to distribute cocaine base (crack), cocaine, heroin, and marijuana, in violation of 21 U.S.C. § 846 ("Count One"); and use and carry a firearm during and in relation to a drug trafficking offense and aiding and abetting, in violation of 18 U.S.C. § 924 (c)(1) ("Count Twenty-Six"). See [D.E. 281]; J. [D.E. 365]. On December 15, 1998, the court sentenced petitioner to a period of incarceration of 292 months on Count One and 60 months consecutive on Count Twenty-Six. See J. [D.E. 365]. Petitioner appealed. See [D.E. 374]. The United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed petitioner's conviction and sentence. See United States v. Carter, 300 F.3d 415 (4th Cir. 2002), cert. denied, 537 U.S. 1065 (2002).

In July 2003, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See [D.E. 522]. The court dismissed [D.E. 613] and denied reconsideration [D.E. 621]. Petitioner appealed [D.E. 626], and the Fourth Circuit dismissed [D.E. 649].

In August 2010, petitioner filed another section 2255 motion [D.E. 798]. The court denied the motion to vacate as an unauthorized second or successive section 2255 motion [D.E. 799].

In the instant motion, petitioner seeks to proceed under Rule 52(b) of the Federal Rules of Criminal Procedure. See Mot. [D.E. 967] at 1. Petitioner generally argues the court committed plain error by sentencing him to 292 months incarceration on Count One, a term beyond the statutory maximum sentence of 240 months.[1] See id. at 1–4.

Respondent argues petitioner's motion should be construed as an unauthorized second or successive section 2255 motion over which the court lacks jurisdiction. See Resp. Opp'n [D.E. 970].

DISCUSSION:

The court will "classify pro se pleadings from prisoners according to their contents, without regard to their captions." United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (citation omitted). Although petitioner's instant motion attempts to rely upon Rule 52(b) of the Federal Rules of Criminal Procedure, petitioner attacks the application of the guideline to his sentence and the prospective relief is identical to the relief he would receive in a successful section 2255 motion. Thus, the court construes the instant motion as an attempt to avoid the Antiterrorism and Effective Death Penalty Act ("AEDPA") restrictions on section 2255 motions. See, e.g., United States v. McRae, 793 F.3d 392, 397 (4th Cir. 2015). Accordingly, regardless of the label petitioner wishes to apply, the court will re-characterize petitioner's instant motion as a section 2255 motion.

---

[1] The court notes this precise issue was previously addressed both on direct appeal and in the court's order denying petitioner's initial section 2255 motion. See Carter, 300 F.3d at 431 (finding plain error in the court's sentencing of petitioner to greater than 240 months on Count One, but also finding that the court "should not recognize the sentencing error because there is overwhelming and essentially uncontroverted evidence that [petitioner] was accountable for over 50 grams of cocaine base, which would support a sentence of up to life in prison for Count One"); see also Order [D.E. 613] (noting that, "[b]ecause the issue was previously decided on direct appeal, [petitioner] is barred from raising it again in a collateral attack on his conviction or sentence." (citing Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976); United States v. Roane, 378 F.3d 382, 396 n.7 (4th Cir. 2004))).

2

A prisoner cannot bring a "second or successive" section 2255 motion unless the appropriate court of appeals first certifies that the second or successive motion contains either "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). As noted above, petitioner already filed several section 2255 motions that the court has dismissed. Thus, because petitioner has not received prior authorization from the Fourth Circuit, the court lacks jurisdiction to consider the instant motion. See Winestock, 340 F.3d at 205. Further, because the instant motion is "second or successive" under § 2255(h), the court need not provide petitioner notice of the re-characterization. See United States v. Emmanuel, 288 F.3d 644, 650 (4th Cir. 2002); see also United States v. Brown, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished).

Finally, because reasonable jurists would not find the court's treatment of any of these claims debatable or wrong, and because none of the issues are adequate to deserve encouragement to proceed further, the court will deny a Certificate of Appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

CONCLUSION:

In sum, the court:

1) DISMISSES WITHOUT PREJUDICE the pending motion [D.E. 967] as a second or successive section 2255 motion over which the court lacks jurisdiction; and

2) DENIES a Certificate of Appealability.

SO ORDERED. This _21_ day of November 2018.

TERRENCE W. BOYLE
Chief United States District Judge

3